Drausin Wulsin, for Trust Company.

---

(Superior Court of Cincinnati.)
Special Term—January, 1901.

THE SEVENTEENTH WARD BUILDING ASSOCIATION v. FITZGERALD, Administrator, etc.

---

(1). After the liquidation of a building association is entered upon, the obligation of both borrowing and non-borrowing members to pay dues ceases, and hence there can be no fines imposed for failure to pay dues.

(2). A material part of the contract, whereby a borrowing member agrees to pay a premium upon his loan, fails when the association goes into liquidation, and payment of premiums can, therefore, no longer be demanded.

(3). A trust will be terminated where there is no object to be attained by prolonging it, and the only one objecting to its termination is the trustee.

---

DEMPSEY, J.

The questions presented in this case arise on the distribution of the proceeds of sale upon a foreclosure of a building association mortgage. The facts are too long and complicated to set forth here; they are contained fully in the briefs of counsel. I just state the conclusions I have arrived at, and the final decree may be drawn along the lines laid down herein.

First, as to plaintiff's claims to fines and premiums. The plaintiff association is in liquidation for the purpose of winding up. A fine is a penalty imposed in order to secure the prompt fulfillment of some duty or obligation. In building associations it is usually resorted to to compel the punctual payment of dues. But on liquidation the obligation to pay dues ceases, and this applies as well to borrowing members as to non-borrowing. Hence, there being no subsisting obligation after liquidation is entered upon, there can be no fines imposed for an alleged non-compliance.

As to premiums. A premium is a bonus which a member agrees to pay, in competition with fellow-members, for the privilege of having an advance made to him, by way of loan, of the par value of his stock; and the consideration of the promise to pay a premium is said to consist, in the main part, of the long time allowed for the repayment of the advance, which will be in part made up by the profits accruing from other premiums, fines and interest made on the dues loaned out of the other non-borrowing members.

When the society liquidates, the society stops business, and, of course, the chance of in part repaying an advance by credits of profits is destroyed, and the length of the loan is thereby materially increased. This is held, in the cases, to be a failure of a material part of the consideration, and the obligation to pay any further premium thereby abrogated. While the arguments on which this rule is founded are not altogether satisfactory, I feel constrained to accept it, because of the inability on my part to frame one of equal practical justice. Hence, in this case, the plaintiff will not be allowed fines or premiums after liquidation was entered upon.

As to the claims of the Scarborough estate. About 1891, Martha Cresap died, leaving a will giving to her sons, John and Robert, life estates in certain realty, the legal title to be held by a trustee. For some reason unexplained, this will was not probated until 1899, although John and Robert were the only children and heirs at law of their mother, and in fact went into possession of the property. Under the will the remainder in fee of this real estate went to certain grandchildren.

Scarborough's estate has a judgment recovered against Robert Cresap in 1897, and seeks to charge his interests in the real estate with it. Long before this judgment, John had conveyed his share to Robert.

The point involved here is as to taxes accruing before the probate of Martha Cresap's will in 1899, and which were delinquent and unpaid, and which must be paid out of the proceeds herein. Can they be charged against Robert's interest so as to cut down the Scarborough claim, or is the Scarborough claim entitled to full payment, which would make the taxes come out of the remaindermen? It seems to me these taxes must come out of John and Robert's shares; where the benefit is, there must lie the burden.

If Mrs. Cresap's will had not been probated, the fee descended and would have remained in John and Robert, and they would be bound to pay taxes; so that they had a full fee simple title,

subject to all of its incidental burdens, until divested thereof by the probate of Mrs. Cresap's will. It is my judgment that the taxes 'n dispute are a proper charge against John and Robert's interests, and that the Scarborough estate will take only what is left, if any.

As to the trustee. Mr. Charles J. Fitzgerald, who is administrator cum testamento annexo, and trustee under the will, contends that his trust is an active one, and that he is entitled, after payment of plaintiff's claim, costs and taxes, to have the residue paid to him to hold, and the income thereof to pay to Robert during his own life and the life of John, and then on their respective deaths, the remaindermen being twenty-one, to pay over to them. Mrs. Sullivan now owns John and Robert's interest; she consents that the trust terminate; the remaindermen are all now twenty-one; they consent that the trust terminate; every creditor of Robert in this case consents that the trust terminate. The only objector is the trustee. There is no object to be accomplished by prolonging the trust, and a great convenience to creditors and probably to the remainder in ending it. My judgment is that it be terminated and the remainder be paid the value of their interest. (See Soteldo v. Clement, trustee, 29 W. L. B., 384).

The decree will run as follows:

1. Ascertain the value of the life estates of John and Robert.
2. The difference will be the value of the estate in remainder.
3. Plaintiff's claim, interest, costs and taxes are to come out of the interests of John and Robert.
4. Whatever is left of these interests to be applied to the Scarborough claim.
5. Remaindermen to have the value of their interest untouched, unless it be necessary to pay some of the items provided in 3 above.

Oscar W. Kuhn, for Plaintiff.
W. F. Fox, for Remaindermen.
F. O. Squire, for Scarborough Estate.
C. J. Fitzgerald, for Administrator and Trustee.
A. B. Huston, for John and Robert Cresap and Mrs. Sullivan.